Filed 7/15/16  P. v. Elkins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C080847 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F04788) |
| v. | |
| ROBERT WILLIAM ELKINS, | |
| Defendant and Appellant. | |

On August 6, 2015, defendant Robert William Elkins was charged with possessing methamphetamine for sale (count one) and driving on a suspended license, a misdemeanor (count two).

On October 26, 2015, defendant pled no contest to count one in return for the dismissal of count two and a split sentence of three years (the upper term), with one year to be served in county jail and the remaining two years on mandatory supervision.  The stipulated factual basis for the plea was that defendant possessed methamphetamine for

1

sale on or about August 4, 2014, in Sacramento County. Defendant waived referral to probation and requested immediate sentencing.

The trial court thereupon imposed the agreed sentence and awarded defendant 168 days of presentence custody credit (84 actual days and 84 conduct days). The court imposed a $300 restitution fine; a $300 suspended mandatory supervision restitution fine; a $150 mandatory laboratory fee; a $150 drug program fee; an additional $130 in related penalties and assessments (statutorily enumerated in the sentencing minute order and mandatory supervision conditions); a $40 court security fee; and a $30 court facility fee.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


/s/
Robie, J.

We concur:


/s/
Nicholson, Acting P. J.


/s/
Hoch, J.

2